OPINION OF THE COURT
Daniel F. Luciano, J.
By an order and judgment dated December 7, 1994 the court appointed a guardian for the property management of John E. Lepkowski and coguardians for the personal needs of John E. Lepkowski. In that order and judgment the court included a decretal paragraph directing that the awards for counsel fees for petitioner’s attorney, David Toupin, Esq., court evaluator fees for Terrence P. Buckley, Esq., and fees for Joseph J. Kunzeman, Esq., the court-appointed attorney for the incapacitated person, would be considered in a separate order to be forthcoming.
The matters of these fees are now considered herein.
First, regarding counsel for the petitioner, the governing statutory provision is section 81.16 (f) of the Mental Hygiene Law which provides, in relevant part: "When a petition is granted, or where the court otherwise deems it appropriate, the court may award reasonable compensation for the attorney for the petitioner”.
In his affirmation dated November 15, 1994, L. David Toupin, Esq., counsel for the petitioner, Agnes L. Roy, has indicated that services were provided by him and his partner William M. Gearty, Esq. In paragraphs "10” and "11” of the affirmation, Mr. Toupin states:
"That the Petitioner has been billed for my services and those of mr. gearty, at the rate of $250.00 per hour. For the total of 42.3 hours of legal services rendered to date, the *148 Petitioner has incurred a total fee in the sum of $10,575.00 as well as expenses and disbursements in the sum of $611.90, for a total legal expense of $11,186.90. It is customary practice for mr. gearty and I to bill for our legal services at the rate of $250.00 per hour in civil litigation matters.
"To date the Petitioner has paid my firm the sum of $9,961.90 for both legal fees and expenses and disbursements incurred to date.”
The petitioner, Agnes L. Roy, has supported the request of her attorney for counsel fees with her own affidavit sworn to on November 16, 1994 acknowledging her retainer agreement with counsel at an agreed rate of $250 per hour.
Moreover, counsel and the petitioner, Agnes L. Roy, have implicitly asserted that the court should accept the terms of the retainer agreement as the basis for determining the amount of the "reasonable compensation” to award to counsel pursuant to section 81.16 (f) of the Mental Hygiene Law.
The court, however, concludes that the terms of the retainer agreement between a petitioner in a Mental Hygiene Law article 81 proceeding and counsel retained by such petitioner are not necessarily determinative of "reasonable compensation” within the meaning of Mental Hygiene Law § 81.16 (f).
The matter of determining a reasonable fee has been addressed by the courts. In Matter of Karp (145 AD2d 208, 215), a case involving the appointment of a conservator pursuant to former article 77 of the Mental Hygiene Law, the Appellate Division, First Department, quoted the following from Matter of Potts (213 App Div 59, 62, affd 241 NY 593): " 'In general the court, in determining the justice and reasonableness of an attorney’s claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained’ ”.
Further, the Court in Matter of Karp (supra, at 215) quoted the following from the Court of Appeals opinion in Matter of Freeman (34 NY2d 1, 9): " 'Long tradition and just about a universal one in American practice is for the fixation of lawyers’ fees to be determined on the following factors: time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer’s experience, ability and reputation; the amount in *149 volved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved.’ ” (See also, Code of Professional Responsibility DR 2-106 [B] [22 NYCRR 1200.11 (b)]; EC 2-18.)
The Court further noted in Matter of Karp (supra, at 216), quoting Pasley, Trusts and Administration (23 Syracuse L Rev 236, 261 [1972]): " 'To base a fee solely on hours worked is to penalize the experienced and skillful lawyer who can perform the services in substantially less time than the inexperienced ones’ ”.
Clearly, then, the determination of "reasonable compensation” for an attorney authorized pursuant to section 81.16 (f) of the Mental Hygiene Law to be paid out of the funds of an incapacitated person involves more than the simple reference to a fee earned pursuant to the contractual terms of a retainer agreement between the petitioner and the petitioner’s lawyer.
Thus, if an attorney, by anticipating an award pursuant to section 81.16 (f) of the Mental Hygiene Law, persuades a client to sign a retainer agreement to prosecute a Mental Hygiene Law article 81 proceeding with an assuring representation or suggestion that the proceeding ultimately will result in no expense to the petitioner, such attorney has either negligently or deliberately made a material misrepresentation to the client.
Guidelines for an attorney’s conduct in reaching an agreement with a client regarding fees are found in EC 2-19 of the Code of Professional Responsibility: "As soon as feasible after a lawyer has been employed, it is desirable that * * * a clear agreement [be reached] with the client as to the basis of the fee charges to be made. Such a course will not only prevent later misunderstanding but will also work for good relations between the lawyer and the client. It is usually beneficial to reduce to writing the understanding of the parties regarding the fee * * * A lawyer should be mindful that many persons who desire to employ a lawyer may have had little or no experience with fee charges of lawyers, and for this reason lawyers should explain fully to such persons the reason for the particular fee arrangement proposed.”
Accordingly, when consulted by a client anticipating commencement of a proceeding pursuant to Mental Hygiene Law *150 article 81, an attorney should make it clear beyond question that any fee arrangement which may be agreed upon is wholly independent and not controlling of the determination by the court as to what may constitute "reasonable compensation” to the attorney for the petitioner. Any agreement other than to have counsel accept as a full fee only the amount awarded by the court pursuant to Mental Hygiene Law § 81.16 (f) may result in out-of-pocket expense to the petitioner, and the petitioner’s understanding of this should be unequivocal.
Thus, if counsel, either by an affirmative misrepresentation, or even merely by failure to provide a sufficiently clear explanation, leads a prospective petitioner in a Mental Hygiene Law article 81 proceeding to believe that whatever fee is paid out-of-pocket pursuant to the retainer agreement necessarily will be ultimately reimbursed pursuant to Mental Hygiene Law § 81.16 (f), that attorney has failed to comply with the Ethical Consideration that instructs that "a clear agreement [be reached] with the client as to the basis of the fee charges to be made.” (Code of Professional Responsibility EC 2-19.)
The unfortunate consequence of any misunderstanding by a client in this regard is that the court, which is not bound by the terms of the privately negotiated retainer agreement, may well not deem the fee paid by the petitioner to constitute "reasonable compensation” within the meaning of Mental Hygiene Law § 81.16 (f), resulting in an unanticipated and potentially significant expense to that client.
It bears emphasis that in a proceeding brought to secure the appointment of a guardian for a person alleged to be incapacitated, paramount consideration shall be given by the court to protecting the interests of the person alleged to be incapacitated. The court, therefore, plainly will not undertake to protect the petitioner’s pocketbook by granting what it may deem an undue award to counsel for the petitioner at the expense of the alleged incapacitated person.
Given all the foregoing considerations the court is constrained to conclude that the instant case is one in which the fee calculated by counsel for the petitioner pursuant to the terms of the retainer agreement is not coextensive with the court’s determination of "reasonable compensation” determined pursuant to Mental Hygiene Law § 81.16 (f).
The court would further advise that if any resulting financial prejudice to the petitioner is to any degree the result of a *151 failure by counsel to make adequately clear all the relevant considerations regarding payment of counsel’s fee, the failure to have satisfied the standard set by the applicable Ethical Consideration should be taken under advisement in assessing whether any refund may be due to the petitioner from her attorney.
Based upon the record herein, counsel’s affirmation of services, and the above-recited factors, the court concludes that the reasonable compensation payable to counsel for the petitioner pursuant to Mental Hygiene Law § 81.16 (f) is $5,500.
With respect to the court evaluator, Terrence P. Buckley, section 81.09 (f) provides, in part: "When judgment grants a petition, the court may award a reasonable allowance to a court evaluator * * * payable by the estate of the allegedly incapacitated person.” For his diligent and commendable service herein the court deems the sum of $5,500 a reasonable allowance to be paid out of the guardianship estate of John E. Lepkowski.
Finally, for his service as court-appointed counsel for John E. Lepkowski, the court concludes that reasonable compensation payable to Joseph J. Kunzeman, Esq., in accordance with section 81.10 (f) of the Mental Hygiene Law, is $3,500.